```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                      NORTHERN DIVISION
                        AT COVINGTON
```

CIVIL ACTION NO. 2012-24 (WOB)

CHARLES SCHAFFNER                                         APPELLANT

VS.                    MEMORANDUM OPINION
                           AND ORDER

UNITED STATES TRUSTEE                                      APPELLEE

    Appellant Charles Schaffner appeals from the bankruptcy court's denial of his motion for an extension of time to file a notice of appeal, as well as its denial of his motion to reconsider. The underlying order from which Schaffner seeks to appeal is an order sanctioning him for unethical conduct in several bankruptcy cases. The bankruptcy court imposed substantial sanctions of approximately $80,000 and disbarred Schaffner from practice in the Bankruptcy Court in the Eastern District of Kentucky.

    The Court heard oral argument on this matter on July 2, 2012 and thereafter took it under submission. (Doc. 15). Having reviewed the matter further, the Court now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

**A.   The Underlying Matter**

In May 2011, after receiving several complaints regarding Schaffner's handling of bankruptcy cases, the United States Trustee began investigating Schaffner's conduct in those bankruptcy cases in which he was counsel of record. Ultimately, in June 2011, the Trustee filed a motion for sanctions against Schaffner in forty-two of his cases. (Bkty. Doc. 67, at 127). A show-cause evidentiary hearing was scheduled for September 29, 2011. (*Id*. at 128).

At the September 29 hearing,[1] Schaffner proceeded pro se. After receiving all the evidence, the bankruptcy court issued its ruling from the bench. The court concluded that Schaffner had violated several ethical rules, Bankruptcy Rule of Procedure 9011, and had failed to comply with several sections of the Bankruptcy Code and the Administrative Procedure Manual for CM/ECF. The court imposed monetary sanctions, including requiring Schaffner to repay client fees, and permanently prohibited Schaffner from practicing before the Bankruptcy Court in the Eastern District of Kentucky. This Sanctions Order was formally entered on September 30, 2011.

---

[1] On September 26, only days before the hearing, Schaffner filed a motion to reset the hearing. (Bkty. Doc. 56). The Bankruptcy Court denied this motion. (Bkty. Doc. 59).

B.   **The Motion for Extension of Time to File an Appeal**

On October 28, Schaffner, through Attorney Robert Raper, filed a notice of appeal from the Sanctions Order and, because the notice was filed outside the fourteen-day appellate period, he sought an extension of time to appeal pursuant to Rule 8002(c). (Bkty. Doc. 68). The motion for extension of time was independently filed on November 3, 2011. (Bkty. Doc. 71).

In support of this motion, Schaffner explained that, on September 24, he sustained a laceration to his right leg. (Doc. 71-1, Schaffner Aff. at ¶ 5). By September 29, the day of the evidentiary hearing on the motion for sanctions, his leg had become seriously infected and required medical attention. (*Id*. at ¶ 6). Schaffner alleged that this injury posed a "serious health threat" in light of his other medical conditions, specifically his diabetes. (*Id*. at ¶ 7). On September 30, Schaffner visited the VA Hospital, where a doctor ordered he remain on bed rest until the infection subsided. (*Id*. at ¶ 9).

Per the doctor's instructions, Schaffner went home and did not return to work until October 20, 2011, at which time he resumed working part-time. (*Id*. at ¶ 13). Schaffner averred that, while on bed rest, his "ability to concentrate and to think clearly was greatly handicapped by the infection and the interaction of the prescribed antibiotic medications with his extensive regimen for other serious, chronic health conditions."

3

(*Id*. at ¶ 12). In light of his injury, Schaffner contends his return to work was the first date on which he could reasonably confer with appellate counsel. (*Id*. at ¶ 13).

The bankruptcy court denied this motion after oral argument. (Bkty. Doc. 93, Hrg. Transcript).

**C.   The Motion to Reconsider**

On November 27, Attorney Raper filed a motion to reconsider the denial of the requested extension of time to appeal the Sanctions Order. In support of this motion, Schaffner filed a supplemental affidavit and medical records under seal with the Court. (Bkty Doc. 80). The supplemental affidavit essentially mirrors the initial affidavit, although it provides more detailed information as to the injury, the treatment regimen, and the injury's effect on Schaffner.

After considering this evidence, the Bankruptcy Court denied the motion, concluding that none of the grounds for reconsideration under Civil Rules 59 or 60 were present. (*See* Bkty. Doc. 83, at 2). The court noted that it had already ruled that Schaffner had failed to demonstrate excusable neglect, and the supplemental evidence provided in support of the motion to reconsider did not alter this conclusion, as the evidence was not newly discovered. (*Id*.).

Schaffner appealed the bankruptcy court's orders denying his motion for an extension of time and his motion for

4

reconsideration on December 8, 2011. (Bkty. Doc. 84); (Doc. 1). He also filed a Notice of Election, choosing to have his appeal heard by the United States District Court rather than the Bankruptcy Appellate Panel. (Bkty. Doc. 85); (Doc. 4).

### *Analysis*

**A.    Jurisdiction**

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a)(1), as an order denying a motion for an extension of time to file a notice of appeal is a final appealable order. *See Belfance v. Black River Petroleum, Inc.* (*In re Hess*), 209 B.R. 79, 80 (6th Cir. BAP 1997).

Furthermore, the appeal is timely, as required for jurisdiction. Rule 8002(a) provides that notice of appeal must be filed within fourteen days of the final order. A motion for reconsideration suspends the order's finality, so the fourteen-day period does not begin until the motion is resolved. *See* Fed. R. Bankr. P. 8002(b). The motion to reconsider was denied on November 30, and the appeal was filed on December 8. Therefore, the appeal is timely, and the Court has jurisdiction.

**B.    Standard of Review**

The standard of review for the denial of a motion for an extension of time to file a notice of appeal is abuse of discretion. *See In re Hess*, 209 B.R. at 80. However, the meaning of "excusable neglect" is a question of law, which is

5

reviewed de novo. *See Allied Domecq Retailing USA v. Schultz* (*In re Schultz*), 254 B.R. 149, 151 (6th Cir. BAP 2000).

**C.   Excusable Neglect**

In analyzing this matter, it is important to keep in mind the following sequence of events:

- June, 2011: Trustee files the motion for sanctions.
- September 24, 2011: Schaffner sustains a serious injury to his leg, which is complicated by pre-existing diabetes.
- September 29, 2011: Evidentiary hearing on the motion for sanctions is held by the bankruptcy court. Schaffner attends and represents himself in spite of the fact that he is in great pain from his injury. The bankruptcy court rules from the bench, imposing sanctions in the approximate amount of $80,000 and disbarring Schaffner from practicing before the United States Bankruptcy Court for the Eastern District of Kentucky.
- September 30, 2011: Schaffner seeks medical attention at the VA hospital and is ordered to bed rest by his physician.
- September 30, 2011: The Order imposing sanctions is formally entered. The time to file a notice of appeal begins to run. Under Rule 8002(a), Schaffner has 14 days to file the notice of appeal.

6

- October 14, 2011:  The time to file a notice of appeal expires.

- October 20, 2011:  Schaffner returns to work part-time.

- October 28, 2011:  Schaffner tenders a notice of appeal with a motion for extension of time.  Pursuant to Rule 8002(c)(2), Schaffner had until November 4, 2011, to file this motion.

- November 18, 2011:  The bankruptcy court denies the motion for extension of time, holding that the late filing was not due to excusable neglect.

- November 27, 2011:  Schaffner files a motion to reconsider, to which he attaches a supplemental affidavit and medical records.

- November 30, 2011:  The bankruptcy court denies the motion to reconsider.

- December 8, 2011:  Schaffner appeals to the United States District Court.

Rule 8002(c)(2) provides that a retroactive extension of time to appeal may be granted after the deadline to file a notice of appeal has passed, upon a showing of "excusable neglect" by the appellant.  The term "excusable neglect" appears in several of the Federal Rules of Civil and Appellate Procedure.

7

In ruling on such motions, judges must bear in mind that the rules contemplate that some neglect exists.  The issue is whether it is "excusable."

Despite the myriad of cases applying this term, none has been cited, or found by this Court, that is on point factually with the instant case.

However, all parties agree, as does this Court, that this case is governed by the principles set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).

As applicable here, these principles are:

1. Courts are permitted to accept late filings "caused by *inadvertence*, *mistake*, or *carelessness*, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388 (emphasis added).

2. "Excusable neglect" is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392 (internal quotation and citation omitted).

3. An extension may be granted even when "the failure to comply with a filing deadline is attributable to negligence."  *Id.* at 394.

4. The determination whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances . . . ."  *Id.* at 395.

5. One such circumstance is "danger of prejudice" to the non-movant.  *Id.*

6. Another is "the length of the delay."  *Id.*

7. Still another is "the reason for the delay including whether it was in the reasonable control of the movant."  *Id.*

8. Also relevant is "whether the movant acted in good faith."  *Id.*

Applying these principles to the case at bar, this Court concludes that – whether the review is de novo or for abuse of discretion – the bankruptcy court erred in denying Schaffner's motion for extension of time to file the appeal and the motion for reconsideration.

The Supreme Court held that the inquiry in a case like this is an equitable one.  The hallmark of equity is an approach based on doing substantial justice rather than one which is merely technical.  *See* Henry L. McClintock, *Handbook of the Principles of Equity* § 144 (2d ed. 1948); William Q. de Funiak, *Handbook of Modern Equity* §§ 1-2 (2d ed. 1956).

It is undisputed that Schaffner was ill even at the date of the hearing and oral decision of the bankruptcy court.  He had

9

moved for a continuance of the hearing, but the motion was denied.  He was confined to bed rest the next day.  His medical records show that he had been and was taking a potpourri of prescribed medications.  Undoubtedly, he was in a state of shock when he heard the bankruptcy court's ruling that, in effect, would end his career and subject him to a penalty of approximately $80,000.

Certainly, Schaffner was negligent, but he filed the motion for extension of time before the deadline to file it.

Applying equitable principles involves a process known as "balancing the hardships."  McClintock, *supra*, at § 144. Application of this principle is implied by the *Pioneer* case's factor addressing the danger of prejudice.  Granting the motion would have involved virtually no delay in the proceeding. Indeed, had the appeal been allowed to proceed, it would probably have already been decided by this Court.  Schaffner was, however, severely prejudiced by being denied his right to appeal.  If disbarred in the bankruptcy court, under the rules of reciprocity, he will also be disbarred in all United States District Courts and the United States Courts of Appeals and, perhaps, in the state courts.  The Court considers this to be the most important factor.

Considering the fact that this was his own case, it is apparent that Schaffner did not act in bad faith.  It is

10

doubtful that the delay was totally in his control, considering his medical condition.  The fact that he missed the deadline in his own case indicates that he was indeed impaired by illness.

Therefore, applying equitable principles and considering all relevant circumstances, this Court concludes that the bankruptcy judge abused her discretion in denying the motion for extension of time to file the appeal and the motion for reconsideration.  Further, applying the de novo standard, this Court holds as a matter of law that excusable neglect existed in the circumstances described.  This holding in no way indicates the view of the Court on the merits of the appeal.  Therefore, the Court being advised,

**IT IS ORDERED** as follows:

1. The orders of the bankruptcy court denying the extension of time to appeal (Bkty. Doc. 78) and denying Schaffner's motion for reconsideration (Bkty. Doc. 83) be, and are hereby, **vacated, set aside, and held for naught**;

2. This matter be, and it is hereby, **remanded** to the bankruptcy court with directions that the notice of appeal be filed, and the appeal be permitted to proceed in due course; and

3. Each party shall bear its own costs of this appeal.

This 6th day of July, 2012.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

12